IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-3191

**HAROLD ENCINIAS**,
    Plaintiff,

v.

**SBBNET, INC., and RUSSELL STRAUB**,
    Defendants.

---

### ORIGINAL COMPLAINT
---

COMES NOW Plaintiff Harold Encinias ("Plaintiff"), by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant SBBnet, Inc., and Russell Straub (collectively "Defendant" or "Defendants"), and in support thereof he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. The witnesses to the wage violations herein reside in this District.

7. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

8. Plaintiff is a resident and citizen of Denver County.

9. Separate Defendant SBBnet, Inc. ("SBBnet"), is a foreign, for-profit corporation.

10. SBBnet's registered agent for service is SBBnet, Inc., at 32045 Castle Court, #202, Evergreen, Colorado 80439.

11. SBBnet does business as Loanbright.

12. Separate Defendant Russell Straub ("Straub") is an individual and resident of Colorado.

13. Defendant maintains websites at https://www.sbbnetinc.com/ and https://www.loanbright.com/.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Straub is a principal, director, officer, and/or owner of SSBnet.

16. Straub took an active role in operating SSBnet and in the management thereof.

17. Straub, in his role as an operating employer of SSBnet, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

18. Straub, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

19. Straub acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. SSBnet acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21. Defendant owns and operates an internet marketing company.

22. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

23. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

24. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

25. Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

26. Specifically, Plaintiff was employed by Defendant from September of 2007 until July of 2020 as an Account Manager.

27. Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

28. Plaintiff also received nondiscretionary bonuses as part of his compensation. These nondiscretionary bonuses were based on company revenue.

29. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

30. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

31. As an Account Manager, Plaintiff was responsible for communicating with clients, including updating them on various projects and handling complaints, and making changes to the account as directed by the client.

32. Plaintiff did not hire or fire any other employee.

33. Plaintiff was not asked to provide input as to which employees should be hired or fired.

34. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

35. Plaintiff sought input from his supervisors in lieu of making significant decisions on his own.

36. Plaintiff regularly worked over forty hours in a one-week period.

37. Plaintiff was not paid overtime wages for hours worked over forty per week.

38. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours worked over forty per week.

39. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA.

## V.  FIRST CLAIM FOR RELIEF—Violation of the FLSA

40. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

41. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

42. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

43. Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate for all hours worked in excess of 40 hours per week, despite Plaintiff's entitlement thereto.

44. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

46. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CAUSE OF ACTION—Violations of CWA, C.R.S. § 8-4-101, et seq., and CMWO, C.C.R. § 1103-1

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiff regularly worked more than forty (40) hours per workweek.

50. Defendants failed to properly pay Plaintiff overtime wages at a rate of not less than 1.5x his regular rate of pay for all hours he worked in excess of 40 per workweek.

51. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

52. Because Defendants willfully violated the CWA and CMWO, a three year statute of limitations shall apply to such violations.

53. As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Harold Encinias respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

B. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E. A declaratory judgment that Defendants' practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

F. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number

35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF HAROLD ENCINIAS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Colo. Bar No. 44358
josh@sanfordlawfirm.com